People v Glass (2021 NY Slip Op 04559)





People v Glass


2021 NY Slip Op 04559


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING, JJ.


2018-07125
 (Ind. No. 325/17)

[*1]The People of the State of New York, respondent,
v
Christopher G. Glass, appellant.


Leon H. Tracy, Jericho, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered June 6, 2018, convicting him of attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, assault in the third degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence underlying his convictions of attempted assault in the first degree and criminal possession of a weapon in the second degree is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Myles, 172 AD3d 752). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree and both counts of criminal possession of a weapon in the second degree beyond a reasonable doubt. Based on the evidence adduced at the trial, including the testimony of the complainant's physician, the complainant's medical records, and the clear and unobstructed video surveillance footage of the subject incident, we find that the People established the essential elements of those crimes beyond a reasonable doubt (see Penal Law §§ 10.00[10]; 110.00, 120.10[1]; 265.03[1][b]; [3]; People v Bracey, 41 NY2d 296, 301-302; People v Mosquera, 181 AD3d 723, 724).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt on the count of attempted assault in the first degree and the counts of criminal possession of a weapon in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed is not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and DOWLING, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court